# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:01CR48

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| RICHARD DONNELL RUDISILL | ) | |

**THIS MATTER** is before the Court on the Defendant's motion pursuant to Fed. R. Crim. P. 41(e),[1] for return of property he alleges was wrongfully seized from him at the time of his arrest, filed March 9, 2009. The Government has filed a response opposing Defendant's motion.

Defendant alleges that a "1989 Jaguar automobile [VIN number] was seized from [him], and subject to forfeiture[,] [a]lso, $2,956.00 was seized from [him] that was never returned." **Defendant's Motion, at 1.** He states that of the $2,956.00, only $1,480.00 was returned to him. *Id*.

---

[1] The Court assumes the Defendant is requesting return of property pursuant to Rule 41(g) ("Motion to Return Property"), rather than Rule 41(e) ("Issuing the Warrant").

Defendant and ten co-Defendants were charged in a superseding bill of indictment with conspiracy to possess with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). **Superseding Bill of Indictment, filed August 6, 2001.** The indictment contained a Forfeiture Notice of property the Government alleged was derived from and/or used to facilitate the drug conspiracy. *Id.* at 3. Among several automobiles listed is the subject 1989 Jaguar. *Id*. After a jury trial, the Defendant was found guilty of the charge contained in the indictment. *See* **Jury Verdict Sheet, filed November 21, 2001.** On October 1, 2002, the undersigned sentenced the Defendant to a term of 360 months imprisonment. **Judgment in a Criminal Case, filed October 16, 2002.** Defendant's appeals of his conviction and sentence and the denial of his motion pursuant to 28 U.S.C. § 2255 were unsuccessful. *United States v. Rudisill*, 68 F. App'x 454 (4th Cir.), *cert. denied*, 540 U.S. 997 (2003) (conviction and sentence); *United States v. Rudisill*, 224 F. App'x 264 (4th Cir. 2007), *cert. denied*, 128 S. Ct. 934 (2008) (post-conviction relief).

After Defendant's conviction, the Government filed a motion for a preliminary order of forfeiture based on the Forfeiture Notice contained in

the indictment.  **Motion for Preliminary Order of Forfeiture, filed April 10, 2002.**  Defendant responded to the Government's motion, arguing that the Court should not allow the forfeiture because his attorney was ineffective for failing to request a jury trial on the forfeiture issue.  **Defendant's Response to Motion for Preliminary Order of Forfeiture, filed April 12, 2002 (citing *United States v. Davis*, 177 F. Supp. 2d 470 (E.D. Va. 2001)).**

In compliance with the provisions of Fed. R. Crim. P. 32.2(b), the Court entered an order on May 22, 2002, overruling the Defendant's objections and granting the Government's motion for a preliminary order of forfeiture.  **See Order, filed May 22, 2002, at 2.**  The Court directed the United States Attorney to prepare a proposed order for signature.  *Id*.

The proposed order was never prepared.  However, the failure of the Government to follow the Court's instructions does not affect the finality of the specific language used by the Court, *i.e.,* "that the Government's motion for a preliminary order of forfeiture is hereby **GRANTED**." *Id*.  This Order was never appealed by the Defendant.  Contrary to the Defendant's allegation that the Court previously ordered all his property to be returned to him, no such order appears of record, Defendant has not provided a

copy of the alleged order, and the Court has no recollection of signing such an order.

The Government states that $1,480.00 in U.S. Currency was seized from the Defendant (not $2,956.00 he claims) and that amount has been returned to him.  **See Exhibit A, *attached to* Government's Response to Defendant's Motion, filed March 24, 2009.**  The Government also advises that because the storage fees for the subject Jaguar exceeded its value, the car was sold by the Marshal's Service to the owners of Gault's Used Cars (where the car was stored while the criminal charges were pending) for $1,350 on December 12, 2007, and the amount was applied to accumulated storage fees.  **Government's Response, at 4;** *see also***, Exhibits B and C, *attached to id.***  Therefore, no other funds were seized from the Defendant and the monies received from sale of the Jaguar were necessarily applied toward payment of the accrued storage costs.  The Defendant has provided no evidence to the contrary.

"[T]he actual effect of a preliminary forfeiture order is clearly that of a final order as to the defendant.  A preliminary forfeiture order terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined." ***United States v.***

*Christmas*, **126 F.3d 765, 768 (6th Cir. 1997).** "Forfeiture is an element of the sentence imposed *following* conviction[.]" **Libretti v. United States, 516 U.S. 29, 38-39 (1995).** The Defendant did not raise this forfeiture issue on direct appeal or in his subsequent § 2255 motion and appeal. As a result, the Defendant may not now, at this late date, obtain the relief sought as no cause for this failure has been shown.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for returned of property is **DENIED**.

Signed: April 8, 2009

Lacy H. Thornburg
United States District Judge