THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:01-cr-00048-MR-7

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| RICHARD DONNELL RUDISILL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction 18 U.S.C. § 3582(c)(2)" [Doc. 712].

**I. PROCEDURAL BACKGROUND**

On November 15, 2001, the Defendant was found guilty by a jury of one count of conspiracy to possess with intent to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine and at least 50 grams of a mixture or substance containing a detectable amount of cocaine base. [Doc. 181]. Based on the Defendant's prior conviction for a felony drug offenses [see Doc. 5], the Defendant was subjected to a mandatory minimum sentence of twenty years to life imprisonment. See 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 851. The

Defendant was sentenced to a term of 360 months' imprisonment and ten years of supervised release on October 1, 2002. [Doc. 293]. The Fourth Circuit affirmed his conviction and sentence on July 3, 2003. [Doc. 314]. The Defendant subsequently moved multiple times for a sentence reduction under § 3582, all of which were denied. [See Docs. 505, 525, 706].

The Defendant now moves for relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). [Doc. 489].

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair

Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." 132 Stat. at 5222. Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Id.

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Moreover, the Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Having determined that the Defendant is eligible for a reduction in his sentence, the next step is to determine the extent to which the sentence *may*,

in the Court's discretion, be reduced. This begins with an examination of the Defendant's sentencing calculus "as if . . . the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." 132 Stat. at 5222.

Here, the Defendant was convicted of a multi-object conspiracy wherein the penalties of one object (that being crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other object (powder cocaine) were not so modified. In this case, regardless of which object is considered for the purpose of calculating the Defendant's statutory penalties, there is no change in the Guidelines range. Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time that the Defendant committed the offense, reduces the Defendant's total offense level from 42 to 40. Based thereon, his Guidelines range remains unchanged at 360 months to life. Thus, while the Defendant's statutory penalties may have been modified, his Guidelines range remains unaffected by the First Step Act.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Sentence Reduction 18 U.S.C. § 3582(c)(2)" is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 21, 2020

Martin Reidinger
Chief United States District Judge