THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:01-cr-00048-MR-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> RICHARD DONNELL RUDISILL, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for further consideration of the Defendant's "Motion for Sentence Reduction 18 U.S.C. § 3582(c)(2)" [Doc. 712].

## I. PROCEDURAL BACKGROUND

On November 15, 2001, the Defendant was found guilty by a jury of one count of conspiracy to possess with intent to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine and at least 50 grams of a mixture or substance containing a detectable amount of cocaine base. [Doc. 181]. Based on the Defendant's prior conviction for felony drug offenses [see Doc. 5], the Defendant was

subjected to a mandatory minimum sentence of twenty years to life imprisonment. See 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 851. The Defendant was sentenced to a term of 360 months' imprisonment and ten years of supervised release on October 1, 2002. [Doc. 293]. The Court of Appeals affirmed his conviction and sentence on July 3, 2003. [Doc. 314]. The Defendant subsequently moved multiple times for a sentence reduction under § 3582, all of which were denied. [See Docs. 505, 525, 706].

The Defendant then moved for relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). [Doc. 712]. After receiving a supplemental Presentence Report from the Probation Office [Doc. 714], and without seeking a response from the Government, the Court denied the Defendant's motion [Doc. 715]. While concluding that the Defendant was eligible for relief under the First Step Act, the Court determined within its discretion that the Defendant's sentence should not be reduced. Specifically, the Court reasoned that the Defendant was convicted of a multi-object conspiracy wherein the penalties of one object (that being crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other object (powder cocaine) were not so modified. Thus, applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though

Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time that the Defendant committed the offense, the Court concluded that the Defendant's Guidelines range remained unchanged at 360 months to life. [Id.].

The Defendant appealed. [Doc. 716]. On February 5, 2021, the Court of Appeals vacated and remanded the Order on the grounds that this Court had not addressed the Defendant's post-sentencing efforts at rehabilitation. [Doc. 719 at 2]. The Court of Appeals further noted that the Defendant's original sentence was imposed at a time when the Guidelines were mandatory, and the Order did not indicate that the Court considered the fact that the Guidelines are now advisory. [Id.]. The Court of Appeals issued its mandate on March 1, 2021. [Doc. 720].

Following the issuance of the mandate, the Court directed the Probation Office to file a supplemental Presentence Report [Doc. 721] and directed the Government to file a response by March 18, 2021 [Text-Only Order entered March 4, 2021]. The Government timely filed its Response on March 18, 2021.[1] [Doc. 724]. On April 6, 2021, the Defendant filed his Reply. [Doc. 728].

---

[1] The Defendant contends that the Government's Response should not be given any consideration because the Government "chose not to respond" to his original motion for

3

Case 1:01-cr-00048-MR-WCM   Document 732   Filed 04/19/21   Page 3 of 7

## II. DISCUSSION

As the Court previously concluded [Doc. 715], the Defendant is eligible for a discretionary reduction of his sentence, because he was convicted of a "covered offense" within the meaning of Section 404(a) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

In determining the extent to which the Defendant's sentence may be reduced, the Court begins with an examination of the Defendant's sentencing calculus "as if . . . the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." 132 Stat. at 5222. Here, although application of the Fair Sentencing Act reduces the

---

sentence reduction and then—when required by the Court to respond—waited until the last possible day to do so. [Doc. 728 at 1]. As a result, the Defendant contends, he did not receive the Government's response until 13 days later, on March 31, 2021. The Defendant argues that the Government's "delay" constitutes prosecutorial misconduct and that the Court should hold that the Government has forfeited any opposition to his motion. [Id. at 2].

The Defendant's argument is misguided in several respects. First, the Government is not required to respond to post-conviction motions filed by a *pro se* defendant unless directed to do so by the Court. As the Court did not initially so direct here, the Government was under no obligation to respond to the Defendant's motion. As for the timeliness of the Government's response once it was ordered, the Government complied with the deadline set by the Court and duly served the Defendant by mail. The fact that the mail was delayed does not appear to be due to any fault of the Government. Indeed, it would appear that the delay in the Defendant receiving the mail may well have been due to the fact that the Defendant was transferred to another BOP facility in March 2021. [See Doc. 725 (letter from Defendant dated March 22, 2021 advising of a change of address)]. In any event, the Defendant does not appear to have suffered any prejudice as a result of this delay, as he was able to file a reply brief, which has been accepted and considered by the Court.

4

Defendant's total offense level from level 42 to level 40, his criminal history category of V still triggers an advisory Sentencing Guidelines range of between 360 months and life in prison.

Based on the Fourth Circuit's remand, the Court in exercising itsdiscretion is also called upon to consider any mitigating evidence presented by the Defendant, including any post-sentencing rehabilitation. See United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), reh'g denied (July 8, 2020).

On this point, the Defendant argues that he has maintained good behavior during his 19 years of incarceration and has "completed multiple courses, including art, music, religion, parenting, vocational skills, drugs, and re-entry courses." [Doc. 712 at 3]. The Supplemental Presentence Report submitted by the probation officer confirms that the Defendant has received only one disciplinary infraction while in custody and has participated in a number of educational programs and work assignments. [Doc. 721 at 3].

While the Defendant's conduct while incarcerated is generally positive, the breadth of the Defendant's offense conduct and his criminal history cannot be ignored. At the time the Defendant committed his drug trafficking offense, he had previously served nearly ten years in prison for armed robbery and nearly two years in prison for a drug trafficking offense. [Doc.

5

481: PSR at ¶¶ 52–53]. The Defendant then actively participated in a drug trafficking conspiracy that distributed large quantities of powder and crack cocaine, and the Defendant was found to be personally responsible for the distribution of more than nine kilograms of each. [Id. at ¶¶ 10-33]. Although the Defendant has performed relatively well in the Bureau of Prisons, such conduct does not outweigh the nature and circumstances of his offense, his significant and violent criminal history, the need to protect the public, the need to deter the Defendant and others from similar criminal behavior, and the need to promote respect for the law. All of these sentencing factors militate in favor of a sentence within the advisory Guidelines range. Accordingly, in the exercise of its discretion,[2] the Court denies the Defendant's request for relief under the First Step Act.

---

[2] The Court notes, as pointed out by the Court of Appeals, Defendant was sentenced during the period when the Guidelines were mandatory. Even though the Guidelines are no longer mandatory, in weighing the § 3553(a) factors to determine an appropriate sentence for Defendant's criminal conduct, and taking into account his post sentencing conduct, the Court concludes that a sentence within the advisory Guidelines Range remains the appropriate result in this case, taking all such factors into account.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Sentence Reduction 18 U.S.C. § 3582(c)(2)" [Doc. 712] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 19, 2021

Martin Reidinger
Chief United States District Judge