## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:01-cr-00048-MR-WCM-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RICHARD DONNELL RUDISILL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for

Sentence Reduction under the Compassionate Release Statute, 18 U.S.C.

§ 3582(c)(1)(A), as Amended by the First Step Act" [Doc. 766].

## I.    BACKGROUND

Between 1990 and 2001, the Defendant Richard Donnell Rudisill

participated in a drug-trafficking conspiracy that was responsible for

distributing crack cocaine throughout Henderson County, North Carolina.

[Doc. 481: PSR at ¶¶ 10, 13-31].  Rudisill sold crack cocaine in quantities

from one-half to three ounces as frequently as every other day for years.  [Id.

at ¶¶ 14, 18-20, 22-23, 25].  Rudisill also sold powder cocaine.  [Id. at ¶¶ 20,

25].  In total, at least 9.1 kilograms of crack cocaine and 9.9 kilograms of

powder cocaine were reasonably foreseeable to Rudisill.  [Id. at ¶ 33].  When

police arrested Rudisill, they discovered a .22 caliber rifle and $1,480 in cash. [Id. at ¶ 32].

A federal grand jury indicted Rudisill for a violation of 21 U.S.C. § 846, charging him with conspiracy to possess with intent to distribute at least 50 grams of crack cocaine and at least 5 kilograms of powder cocaine. [Doc. 26]. The Government filed an Information pursuant to 21 U.S.C. § 851, notifying Rudisill that it intended to seek an enhanced penalty based on his prior conviction for a felony drug offense. [Doc. 5].

On November 15, 2001, a jury convicted Rudisill of conspiracy to possess with intent to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine and at least 50 grams of a mixture or substance containing a detectable amount of cocaine base. [Doc. 181]. Rudisill faced a statutory mandatory minimum term of 20 years and a maximum of life in prison for his drug trafficking offense. [Doc. 481: PSR at ¶ 82].

Prior to sentencing, the Probation Office submitted a Presentence Report (PSR) that calculated a base offense level of 38 and a total offense level of 43. [Id. at ¶¶ 39, 49]. Combined with a criminal history category (CHC) of VI, the Sentencing Guidelines called for a sentence of life in prison.

2

[Id. at ¶ 83].  At sentencing on October 1, 2002, the Court[1] sustained two of Rudisill's guideline objections, thereby reducing his total offense level to 42, his CHC to V, and his Guidelines range to between 360 months and life in prison.  The Court sentenced Rudisill to 360 months' imprisonment and ten years of supervised release.  [Doc. 293].  The Court of Appeals affirmed his conviction and sentence on July 3, 2003.  [Doc. 314].

Rudisill's subsequent attempts at a sentence reduction under 18 U.S.C. § 3582 were all denied.  [See Docs. 505, 525, 706].  He then moved for relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  [Doc. 712].  Despite being eligible for relief under the First Step Act, the Court determined that his sentence should not be reduced, explaining that Rudisill was convicted of a multi-object conspiracy wherein the penalties of one object (that being crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other object (powder cocaine) were not. Applying the Sentencing Guidelines as they existed at the time of Rudisill's sentencing but modifying any calculation of the offense level as though Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the offense was committed, the Court concluded that Rudisill's

---

[1] The Honorable Lacy H. Thornburg, United States District Judge, presiding.  Upon Judge Thornburg's retirement, this matter was reassigned to the undersigned.

Guidelines range remained unchanged at 360 months to life. [Id.]. Rudisill appealed. [Doc. 716].

On February 5, 2021, the Court of Appeals vacated and remanded the Order on the grounds that the Court had not addressed Rudisill's post-sentencing efforts at rehabilitation. [Doc. 719]. On remand, the Court opined that a sentence within the advisory Guidelines Range remained appropriate and denied Rudisill's request for a sentence reduction on April 19, 2021. [Doc. 732 at 6]. Rudisill again appealed [Doc. 733], and the Court of Appeals affirmed [Docs. 748, 751].

Rudisill is currently serving his sentence at FCI Petersburg in Petersburg, Virginia, with a projected release date of February 8, 2026.[2]

Rudisill timely filed the instant motion for compassionate release on May 15, 2023. [Doc. 766]. The Court ordered the Government to respond to the Defendant's motion. [Text Order entered May 16, 2023]. The Government filed its Response on May 24, 2023. [Doc. 768]. Rudisill filed his Reply on June 8, 2023. [Doc. 769].

This matter is now ripe for disposition.

---

[2] See https://www.bop.gov/inmateloc/ (last accessed July 18, 2023).

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, the Government concedes that Rudisill has sufficiently exhausted his administrative rights with the BOP.  Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate

release reductions.  See U.S.S.G. § 1B1.13.  Specifically, the commentary to Sentencing Guidelines § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A).  These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less.  Id., § 1B1.13 cmt. n.1(B).  Congress has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification.  28 U.S.C. § 994(t).

The policy statement set forth in § 1B1.13, however, is not binding on this Court.  Section 1B1.13 was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release.  In light of these circumstances, the Fourth Circuit

6

Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, while this policy statement "remains helpful guidance even when motions are filed by defendants," id. at 282 n.7, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).

Here, Rudisill argues that "[there has been a] modification of the guideline range which would apply were Mr. Rudisill to be sentenced today." [Docs. 766 at 2]. However, this Court already has considered and rejected this argument. [See Doc. 732 (noting "although application of the Fair Sentencing Act reduces the Defendant's total offense level from level 42 to level 40, his criminal history category of V still triggers an advisory Sentencing Guidelines range of between 360 months and life in prison")].

Rudisill further argues that a sentence reduction is warranted because he played a "lesser role" in the conspiracy, his multiple co-defendants have all been released, and thus he is the only conspirator currently serving time

7

in connection with this case. [Doc. 766 at 4]. Rudisill, however, received a harsher sentence than his co-defendants did largely because of (1) the large quantities of controlled substances for which he was held responsible and (2) his significant criminal history. [See Doc. 418: PSR]. As such, any alleged disparity between his sentence and the sentences of his co-defendants was entirely warranted. The fact that other co-conspirators may have received lesser sentences, therefore, does not constitute an extraordinary and compelling reason to justify his early release.

Rudisill also relies upon his "impressive conduct toward rehabilitation" in seeking compassionate release. [Doc. 766 at 3-4]. The Court has previously noted Rudisill's good behavior during his time of incarceration, as well as his completion of multiple courses. [Doc. 732 at 5]. Rehabilitation alone, however, does not constitute an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t).

For all these reasons, the Court concludes none of the grounds cited by the Defendant, considered either singly or in combination, constitute extraordinary and compelling reasons for a further reduction of his sentence.

Even if the Defendant could establish an extraordinary and compelling reason, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is

warranted.  See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

While the Defendant's conduct while incarcerated has been generally positive, the breadth of the Defendant's offense conduct and his criminal history cannot be ignored. At the time the Defendant committed his drug trafficking offense, he had previously served nearly ten years in prison for armed robbery and nearly two years in prison for a drug trafficking offense. [Doc. 481: PSR at ¶¶ 52-53]. The Defendant then actively participated in a drug trafficking conspiracy that distributed large quantities of powder and crack cocaine, and the Defendant was found to be personally responsible for the distribution of more than nine kilograms of each.  [Id. at ¶¶ 10-33]. Although the Defendant has performed relatively well in the Bureau of Prisons, such conduct does not outweigh the nature and circumstances of his offense, his significant and violent criminal history, the need to protect the public, the need to deter the Defendant and others from similar criminal behavior, and the need to promote respect for the law.  Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Sentence Reduction under the Compassionate Release Statute, 18 U.S.C. § 3582(c)(1)(A), as Amended by the First Step Act" [Doc. 766] is **DENIED**.

9

**IT IS SO ORDERED.**

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge